**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

O

Case No. SA CV 10-01909 DOC (RNBx)            Date: July 15, 2011

Title: JOAO CONTROL & MONITORING SYSTEMS OF CALIFORNIA v. ACTI CORPORATION INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT           NONE PRESENT

PROCEEDING (IN CHAMBERS):  ORDER DENYING WITHOUT PREJUDICE DEFENDANT SMARTVUE'S MOTION TO DISMISS FOR MISJOINDER

      Before the Court is Defendant Smartvue Corporation's Motion to Dismiss for Misjoinder (Docket 182).  The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. The Court has considered the moving, opposing, and replying papers and DENIES the Motion.

      Plaintiff Joao Control and Monitoring Systems of California ("Joao") alleges that Defendants provide and sell vehicle hardware and software that directly infringes Joao's patents.  In so doing, Defendants have allegedly solicited customers to purchase and use the respective infringing products.

      In light of this alleged wrongdoing, Joao filed its Complaint for patent infringement on December 15, 2010 (Docket 1) against twenty-one Defendants.  On March 21, 2011, Defendant UTC Fire and Security Corporation ("UTC") filed its Motion requesting that the Court either dismiss or sever UTC from this action due to misjoinder, which this Court granted in an Amended Order dated April 19, 2011 (Docket 162).

      Since its first Complaint, Jao has filed two amended complaints, though the Second Amended Complaint ("SAC") was filed on April 28, 2011 (Docket 166) but was rejected due to its late-filing (Docket 174).  On May 19, 2011, Plaintiff submitted a stipulation to file its SAC (Docket 179).

There are presently seventeen defendants remaining in the case. On April 18 and 19, 2011, the Court held a Status and Scheduling Conference, at which it required the presence of all defendants. Smartvue was absent from that hearing. At that hearing, the Court indicated its hesitation about dismissing other defendants for misjoinder. Smartvue insists that it was absent on reliance upon the Court's Original Order on April 13, 2011 (Docket 151), in which it dismissed all defendants from the case other than ACTI Corporation, Inc. According to Smartvue, it was only after its counsel left town that it received notice that the Court was still demanding the presence of all of the defendants at the April 18 hearing. It therefore argues that it should be entitled to be dismissed for misjoinder for the same reasons for which UTC was dismissed.

Smartvue contends that, as was the case with UTC, Joao has failed to meet the requirements of Federal Rule of Civil Procedure 20, which provides for the permissive joinder of parties. If a party has been improperly joined under Rule 20, Federal Rule of Civil Procedure 21 authorizes the Court to dismiss the misjoined party or sever the claims brought against it. As described above, this Court has already found that joinder was improper as to UTC.

However, Joao is correct that at the April hearing, this Court indicated that it was not prepared to dismiss other defendants for misjoinder. "[If] the test for permissive joinder is not satisfied, a court, *in its discretion*, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).[1] In other words, the Court has the discretion to dismiss or sever; it is not required to do so. The Court is especially concerned about granting a motion for misjoinder by Smartvue, whose counsel was not even present at that April 18 and 19 hearing. To allow Smarvue to be dismissed when other defendants had counsel present at the hearing would not only be inconsistent but unfair.

In light of the foregoing, the Court DENIES WITHOUT PREJUDICE Smartvue's Motion to dismiss itself from the instant action.

The Clerk shall serve this minute order on all parties to the action.

---

[1] The Court rejects Smarvue's contention that this standard is inapplicable simply because *Coughlin* involved joined plaintiffs rather than defendants. *See, e.g.*, *Palma v. Prudential Ins. Co.*, __ F. Supp. 2d__, 2011 WL 2066640 (N.D. Cal. 2011).